SIDNEY CHASN, by ANNA CHASN, His Guardian ad Litem, and Another, Appellants, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

First Department, March 2, 1928.

Street railways — injuries to passenger — plaintiff who was leaning against door of car was thrown out when door was opened before car stopped — plaintiff not guilty of contributory negligence as matter of law.

Plaintiff, who was injured while riding on a subway car by being thrown from the car when the door was opened before the car came to a stop was not guilty of contributory negligence, as a matter of law, by leaning against the door while waiting for the train to stop.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 1st day of April, 1927.

*William G. Walsh* of counsel [*G. Everett Hunt* with him on the brief; *Meyer Dvorkin*, attorney], for the appellants.

*James Hess* of counsel [*James L. Quackenbush*, attorney], for the respondent.

McAVOY, J.   The plaintiff while leaning against a sliding door in the center of a subway car, was thrown out on the platform of a station at which he was about to alight, by the opening of the door

before the train came to a stop. The complaint on this showing was dismissed.

It is common knowledge, on which plaintiff might rely, that these doors do not open ordinarily until the train stops, and whether or not he acted prudently in waiting until the car came to a stop before leaving his leaning position at the doorway on the chance that the company's agent might open the door before the motion of the train was halted and he thus be in danger of injury was a matter which the jury were impaneled to consider and decide. It surely was not to be decided as a matter of law that he was guilty of contributory negligence because he arose and leaned against the door while awaiting the stopping of the train that he might readily alight. He was entitled to rely on the usual happening in such instances, that is, the door keeping in its place while motion was continuing, and whether or not he moved away too tardily was a jury point.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.